CHLOE SCOTT v. LUTHER W. SCOTT ET AL.

*Action on replevin bond—Liability of sureties.*

A statutory replevin bond, though conditioned on the prosecution of the suit to effect and the return of the property in case judgment is rendered for defendant, (Comp. L. § 6735) supports an action only when the writ of return, or other execution issued in defendant's favor, has been returned unsatisfied (id. § 6764); and the fact that the replevin suit abated does not, under the statute, give the right to sue on the bond, even though the plaintiff retains the property. The surety's liability is fixed by the statute and cannot be enlarged.

The existence of a replevin bond does not preclude the defendant in replevin from resorting to other remedies against the plaintiff, if the latter wrongfully retains the goods taken on the writ.

Error to Kent. (Montgomery, J.)   Apr. 12.—Apr. 18.

DEBT.   Plaintiff brings error.   Affirmed.

*C. C. Howell* for appellant.   A replevin bond executed by a surety at the request of the plaintiff in replevin and accepted by the defendant, is a valid instrument, independent of the statute, if supported by sufficient consideration: *Decker v. Judson* 16 N. Y. 445 ; and the seal is prima facie evidence of consideration: *Bacon v. Daniels* 116 Mass. 477 ; if supported by sufficient consideration it may be enforced as a common-law bond: *Alston v. Alston* 34 Ala. 23 ; when plaintiff in replevin retains the goods after the suit has abated an action will lie on the bond: *Kidder v. Merryhew* 32 Mich. 470 ; the condition in the bond that the plaintiff will prosecute his suit to effect, and without delay, is a substantive and independent condition ; and as material as any other ; and if the plaintiff fails to do it, he is liable in an

action on the bond: *Humphrey v. Taggart* 38 Ill. 229; *Dias v. Freeman* 5 Term 195 ; any consideration passing from the obligee in a bond to the principal obligor will bind the surety : *Robertson v. Findley* 31 Mo. 388.

*C. G. Hyde* for appellee.   The issuing of an execution in due form and its return unsatisfied in whole or in part is a condition precedent to fix liability upon the obligors in a replevin bond : *Williams v. Vail* 9 Mich. 162; *Phillips v. Waterhouse* 40 Mich. 273.

Cooley, J.   Action upon a replevin bond.   The facts are agreed upon.   March 18, 1882, a writ of replevin was issued by D. W. C. Burch, a justice of the peace of Kent county, in favor of the present defendant Luther W. Scott, against the present plaintiff, upon which writ certain chattels were taken and delivered to the plaintiff therein on his executing, with the defendant Mills as his surety, the bond now in suit.   The writ of replevin was returnable March 27, 1882, and was duly returned, but on that day the justice failed to appear at his office and the suit abated.   The plaintiff in replevin failed to return the property which had been taken on the writ, and this suit was instituted to recover its value.

The statute provides what shall be the condition of the replevin bond.   It is that "the plaintiff will prosecute the suit to effect, and that if the defendant recover judgment against him in the action, he will return the same property, if return thereof be adjudged, and will pay the defendant all such sums of money as may be recovered by such defendant against him in the said action."   Comp. L. § 6735.   It is certain that this replevin suit was not prosecuted to effect, or prosecuted at all after the writ was issued ; and though the plaintiff in that suit does not appear to have been in fault, there is much plausibility in the contention of the plaintiff here that a breach of the bond has occurred.

But the statute does more than prescribe what shall be the condition of the bond; it makes specific provisions respecting suits upon it.   "If any writ of return, or other

execution, issued in favor of the defendant in the action, shall be returned unsatisfied in whole or in part, such defendant or his representatives may have an action upon the bond executed by or on behalf of the plaintiff, to recover against the obligors therein the value of the property replevied, and the moneys, damages, and costs awarded to such defendant." Comp. L. § 6764. It is only, then, after judgment and the return of execution that suit is to be brought on the bond, and the judgment against the plaintiff in the suit determines the amount of the recovery.    The bond having been given under this statute, the obligation of the surety is determined by the statute, and the fact that circumstances, accidental or otherwise, render a judgment impossible, cannot enlarge the liability.

It is very true, as is suggested on the part of the plaintiff, that the bond in suit would be good as a common-law bond ; and had it been given as such, it may be that a suit could have been maintained upon it under the circumstances of this case.   But the bond being given under the statute, the obligors had a right to understand that, whether particular facts would or would not constitute an apparent breach of its terms, they could only be called upon to respond in damages after judgment rendered, and execution issued and returned as the statute provides.    This may seem a hardship, but it is one against which the courts can give no relief. The existence of the bond will not, however, preclude resort by the plaintiff to other remedies.

The judgment must be affirmed with costs.

The other Justices concurred.