ED. HERSHISER, PLAINTIFF IN ERROR, V. J. R. JORDAN
ET AL., DEFENDANTS IN ERROR.

Replevin: ACTION ON BOND: PLEADING. Section 196 of the code
declares that, "No suit shall be instituted on an undertaking in
replevin given under section one hundred eighty-six of the
code, until an execution issued on a judgment in favor of a
defendant in an action shall have been returned, that sufficient
property whereon to levy and make the amount of such judg-
ment cannot be found in the county." A petition which omits
such allegations fails to state a cause of action.

ERROR to the district court for Holt county. Tried
below before KINKAID, J.

*Uttley & Benedict,* for plaintiff in error, cited *Holmes v.
State,* 17 Neb., 74. Estee's Pleadings, 3d Edition, Sec.
202–3070. *Cutler v. Wright* (8 Smith), 22 N. Y., 472.
*Hall v. Bartlett,* 9 Barb., 297. *Freeman v. Frank,* 10
Abb. Pr., 370. *Humphry v. Taggart,* 38 Ill., 228. *Boom
v. St. Paul Foundry & Manfg. Co.,* 22 N. W. R., 538.

*Rice Bros.,* for defendants in error, cited: Code, Sec.
196. *Clark v. Norton et al.,* 6 Gilfillan (Minn.) Reports,
412. *Pettygrove v. Hoyt,* 11 Maine, 66. *Chambers v.
Waters,* 7 Cal., 390. *Mitchum v. Stanton,* 49 Cal., 304.
*Collins v. Hough,* 26 Mo., 150. *Balsley v. Hoffman,* 13
Penn. St., 606.

MAXWELL, J.

This is an action upon an undertaking in replevin, it
being alleged in the petition, "That T. F. Tracy and A.
H. Runyon do undertake to the said Ed. Hershiser, in
the sum of $600, that the said J. R. Jordan shall duly
prosecute the action and pay all costs and damages which
may be awarded against him. Dated Oct. 4, 1884. T.

F. Tracy and A. H. Runyon. Sureties approved by me this 4th day of October, 1884. I. R. Smith, coroner of Holt county."

"That upon the trial of said action as originally begun in the district court of Holt county, as to the rights of the property in controversy, it was decreed and determined by the court, with a jury, that the defendant therein (plaintiff in this action) was entitled to the possession of said property, and a return was ordered.

"That upon the hearing of the cause commenced before the justice of the peace hereinbefore mentioned, the appraised value being over $200, said action was duly certified to the district court of Holt county, as provided by law, and upon the trial of said cause the title and interest and right of possession in and to the said property had been determined in the former action, and it was by the consideration of said court decreed that said action be dismissed at plaintiff's costs.

"That by reason of the issuance of the second order of replevin herein set out, the property described herein passed out of the hands of this plaintiff and into the hands of the defendant, J. R. Jordan, he having procured and caused to be executed and delivered the bond as herein stated.

"That the said defendant, J. R. Jordan, has wholly failed and neglected to prosecute said action to a final determination, as provided in said bond, and pay the damages and costs assessed against him, according to the provisions of said bond.

"That the defendant, J. R. Jordan, is now a non-resident of Holt county, and absent therefrom, and that all the property hereinbefore described, which property was delivered to said defendant J. R. Jordan upon his bond herein set out, has passed out of the jurisdiction of this court, and has been sold by said defendant J. R. Jordan, and the money appropriated to his own use; that the

said defendant, J. R. Jordan, has no property in this county which would be subject to execution for the payment of the amount so found as the value of said property."

There are other allegations in the petition, to which it is unnecessary to refer.

The defendants demurred to the petition, upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed.

Section 196 of the code provides : "That no suit shall be instituted on the undertaking given under section one hundred and eighty-six, before an execution issued on a judgment in favor of the defendant in the action shall have been returned, that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county."

It will be seen that the statute makes the issuing of an execution and the return thereof unsatisfied, in whole or in part, a condition precedent to the right to bring an action on an undertaking to satisfy a judgment in favor of the defendant.

This is a statutory requirement, which the court has no authority to waive. The practice pointed out in the code is simple and easily complied with, and until the return of an execution unsatisfied, in whole or in part, an action will not lie on the undertaking. The judgment of the district court is clearly right, and is affirmed. .

JUDGMENT AFFIRMED.

THE other judges concur.