## ZACK MULHALL vs. LEVI McVAY.

1. REPLEVIN BOND—*Statutory Provisions a Part of the Bond*—Where a statutory bond is given in a replevin action, the provisions of the statute enter into and become a part of the bond.

2. SAME—*Suit Prematurely Brought*—Where an action is brought on a replevin bond, given by a plaintiff in a replevin action, and which was to the effect that the plaintiff shall duly prosecute his action and pay all costs and damages which may be awarded against him, and where the statute concerning such bond provided, "No suit shall be instituted on the undertaking * * * before an execution, issued on a judgment in favor of the defendant in the action, shall have been returned that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county," and where the action was brought after the failure on the part of the plaintiff to duly prosecute his replevin action, but before any judgment was rendered against the plaintiff in the replevin action for damages. *Held:* That an action does not lie on such bond until execution is returned unsatisfied upon a judgment for damages in favor of the defendant in such replevin action.

*Error from the District Court of Logan County.*

*S. L. Overstreet,* for plaintiff in error.

*H. R. Thurston* and *S. S. Lawrence,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: This action was commenced in the county court of First county, (now Logan,) in September, 1890, to recover damages alleged to have accrued to Levi McVay, the plaintiff in the action, on account of a breach of a replevin bond given by Frank J. Seely, who was plaintiff in the replevin action brought in the justices' court against Levi McVay, and which bond is as follows:

"TERRITORY OF OKLAHOMA, First County.
*"Before S. M. Decker, a Justice of the Peace in and for the City of Guthrie, in said County and Territory.*
"FRANK J. SEELY, Plaintiff,
          vs.
"LEVI McVAY, Defendant.
*"Territory of Oklahoma, First County, ss.*
"Whereas, an affidavit has been filed in the above entitled case this day, for the recovery of divers goods and chattels, now, we, the undersigned, residents of said county, bind ourselves to defendant, McVay, in the sum of $160, that the plaintiff, Frank J. Seely, shall duly prosecute said action, and pay all costs and damages which may be awarded against him, and if the property therein be delivered to him, that he will deliver the same to defendant, if a return thereof be adjudged.          ZACK MULHALL."

The action was, by legislative enactment, transferred to the district court, and there tried by the court, without a jury, upon an amended complaint; and at the request of the defendant, Mulhall, special findings of fact and conclusions of law were made by the trial court, which, defendant in error in his brief

states, contain, substantially the facts set out in the plaintiff's amended petition.

The findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT.

"1. This action was originally commenced in the probate court of Logan county, Oklahoma Territory, on the 19th day of September, 1890, and, after trial had, was duly transferred to this court by appeal, for trial *de novo.*

"2. On the — day of —, 1890, the plaintiff, Levi McVay, was the owner of the mare mentioned and described in his amended petition herein, which mare was then sound and in good condition, and of the value of one hundred and fifty dollars.

"3. On the — day of —, 1890, one Frank J. Seely commenced an action in replevin against the plaintiff, Levi McVay, for the recovery of said mare, which action was commenced before S. M. Decker, a justice of the peace of Guthrie, Logan county, Oklahoma Territory. In such action said Seely executed a replevin bond with the defendant herein, Zack Mulhall, as surety, which bond is the one mentioned in plaintiff McVay's amended petition, and sued on in this action. Such replevin action, first commenced before S. M. Decker, J. P., was afterwards duly transferred, by change of venue, to C. A. Markland, a justice of the peace of Guthrie, Logan county, Oklahoma Territory, which J. P. court, on the 26th day of July, 1890, rendered a judgment in said cause in the words and figures following, to-wit: 'It is, therefore, by me considered ordered and adjudged, that the defendant have restitution of the property described in said complaint, and that said plaintiff pay the costs herein expended, and hereof let writ of restitution issue. Writ of restitution issued this 26th day of July, 1890, and handed to T. Lillie, constable.'

" 'C. A. MARKLAND, Justice of the Peace.'

"That said 'writ of restitution' was a writ commanding the constable to take possession of the mare in controversy and to deliver her to the said defendant, Levi McVay. Said constable, T. Lillie, executed

said 'writ' by taking possession of said mare and delivering her to the defendant, Levi McVay. Afterwards, on the — day of July, 1890, an execution was issued on said judgment for the costs in the case, which execution was signed by said C. A. Markland, J. P., and placed in the hands of a constable, and afterwards returned by said constable unsatisfied. Said 'writ of restitution' and said execution were all and the only writs of any nature whatever that were issued on said judgment. Said judgment was not in the alternative, but was only for the recovery of the property, as hereinbefore quoted.

"4. At the date of the rendition of the judgment by C. A. Markland, J. P., in said replevin action of *Frank J. Seely vs. Levi McVay*, the mare in controversy in that action, and mentioned and described in plaintiff's amended petition herein, was in Zack Mulhall's pasture, in Logan county, Oklahoma Territory, and as sound and in as good condition as when taken from the posession of Levi McVay by the 'writ of replevin' in said replevin action.

"5. At the time said mare was delivered to Levi McVay by Constable T. Lillie, under said 'writ of restitution,' said mare was sick, sore, unsound, and in a damaged condition, being damaged in value to the extent of ninety dollars.

"6. Levi McVay accepted the posession of said mare from Constable T. Lillie, but protested against doing so, on account of her damaged condition.

"7. Levi McVay kept said mare until the month of September, 1892, during which time he doctored and cared for her, and improved her condition, and in the month of September, 1892, sold her for one hundred and fifty dollars, at which time she was sound and in as good condition as when taken from his possession under the writ of replevin, in said action of *Frank J. Seely vs. Levi McVay*.

"8. The above and foregoing are all the facts deducible from the evidence given in this case.

"E. B. GREEN, Judge.

"Upon the foregoing findings of fact, the court holds that the plaintiff is entitled to recover, as

against the defendant, the sum of ninety dollars damages and costs of suit; and defendant excepts.

"E. B. GREEN, Judge."

A large number of questions of law are urged in the brief of plaintiff in error for the reversal of this judgment, all of which seem to have been saved by numerous motions and demurrers in the court below. The primary and principle one, and the one which lies at the very threshold of plaintiff's right to recover in this action, and the one which, in this case, is exclusive of all others, is as to whether plaintiff below, Levi McVay, can maintain an action upon this replevin bond given by Frank J. Seely in the replevin action in the justice court, and signed by Zack Mulhall, without having first reduced his claim for damages to judgment against Frank J. Seely and having an execution returned thereon unsatisfied.

This bond was given under § 1037 of the code of civil procedure before justices of the peace of the state of Nebraska, in force in this territory in 1890, at the time this action was brought; and § 1045, of the same code, provides as follows:

"No suit shall be instituted on the undertaking given under section one thousand and thirty-seven, before an execution, issued on a judgment in favor of the defendant in the action, shall have been returned that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county."

The findings of fact show that the damage which accrued to the mare in controversy in the replevin action, accrued after the judgment was rendered in the justice's court in favor of the defendant in that action, plaintiff in the action below, for a return of the property, and there is no finding of fact that the plaintiff's claim for damages which accrued after the determination of the replevin action, was ever reduced to a judgment against the plaintiff, Seely. In fact, there

is no contention by the plaintiff below, either in his pleadings or in his brief here, that this claim for damages ever was reduced to judgment against Seely, before the bringing of this action against the surety on the replevin bond, but it is admitted that it was not.

This replevin bond is a statutory bond given in a judicial proceeding, and this § 1045 referred to, from the Nebraska statutes, enters into and forms a part of this bond. ( *Cutler vs. Roberts,* 7 Neb. 4.)

This statutory provision is one of the conditions of this bond, as much as if it had been incorporated in the bond itself.

In the case of *Hershiser vs. Jordan,* 25 Neb. 275, which was an action on a replevin bond to recover against the surety, the appraised value of the property as determined in the replevin action, the supreme court of Nebraska in construing the section of the civil code, which contains a provision identical with this of the justice's code, held that although it was shown that the plaintiff in the replevin action whose action had been defeated, was a non-resident of the county and absent therefrom, and that he had no property whatever in the county which would be subject to execution for the payment of the amount found as the value of the property, that as no execution had issued upon this judgment the plaintiff cannot maintain his action on the bond.

The court in passing upon the case, said:

" Section 196 of the code provides: ' That no suit shall be instituted on the undertaking given under section one hundred and eighty-six, before an execution issued on a judgment in favor of the defendant in the action shall have been returned, that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county. '

"It will be seen that the statute makes the issuing

of an execution and the return thereof unsatisfied, in whole or in part, a condition precedent to the right to bring an action on an undertaking to satisfy a judgment in favor of the defendant.

"This is a statutory requirement, which the court has no authority to waive. The practice pointed out in the code is simple and easily complied with, and until the return of an execution unsatisfied, in whole or in part, an action will not lie on the undertaking."

It is true that that case arose where judgment had been had against the party plaintiff in the replevin action upon a trial, and the only thing omitted as required by the statute was an execution on the judgment. But that does not render the case different in principle from the one at bar, and if that decision is good law, and we think it is, then it absolutely precludes the defendant in error here from bringing his action against the surety upon a replevin bond until he has first reduced his claim for damages, whatever it is, growing out of the subject matter of the original replevin action, to judgment against the principal, and had execution issued thereon and returned unsatisfied. The statute is very broad and comprehensive in its terms. It is that no suit shall be instituted upon the undertaking until after an execution on a judgment in favor of the party who is defendant in the replevin action shall have been returned unsatisfied. It is not that a suit shall not be instituted until an execution upon the judgment in the replevin action shall have been returned unsatisfied, as the defendant in error considers the law to be, but it is, no suit shall be instituted until execution has first been issued upon a judgment in favor of the defendant in the replevin action. It was evidently intended that the liability, whatever it was, for which redress could be had against the surety on the replevin bond, must first be established against the plaintiff in the replevin suit, and then, if that was not collected by execution,

recourse could be had on the replevin bond.   The surety on such a replevin bond, under such a statute, had an opportunity to pay the claim as established by judgment in a judicial proceeding before recourse can be had upon his bond.   The contract of the party sign- ing the replevin bond for the plaintiff in that action is a pure suretyship, and one wherein by the express contract of the parties the surety is not liable until by process of law, by judgment and execution, the party in whose favor the bond is given has not been able to collect his claim off of the principal, for whom the bond is given.

The right of a party to bring an action against the surety before procuring judgment and process against his principal depends upon the contract of the par- ties.

Brandt on Suretyship and Guaranty, § 97, says:

"Whether a surety or a guarantor becomes liable to suit immediately upon the default of, and before any steps are taken against, the principal, depends in every case upon the terms of his contract.   When, by the terms of the contract, the obligation of the surety or guarantor is the same as that of the principal, then, as soon as the principal is in default, the surety or guarantor is likewise in default, and may be sued immediately and before any proceedings are had against the principal."

The express terms of the contract between the par- ties in the case at bar, the statute as we have shown entering into and becoming a part of the contract, were that the surety should not be held liable until proceedings of a certain specific kind were first had against the principal, resulting in a failure to collect the demand of the party for which the security is given.   The particular procedure being specified by the contract of the parties, the courts cannot say that any other will suffice.

Under a condition of this bond, as contained in §

1045, of the Nebraska statute referred to, the surety, Mulhall, was at no time in default until the damages had first been fixed by judgment against Seely and until there was a failure to collect the same by execution.

The defendant in error contends that one of the conditions of this bond is that the plaintiff in the replevin action should effectually prosecute his suit, and that this is one of the separate conditions of this bond, for a breach of which an action will lie against the surety, and that the plaintiff, Seely, in the replevin action, having failed to successfully prosecute his action, recourse may be had immediately against the surety on the replevin bond, and cites a number of authorities from Missouri, Iowa, Indiana, California and Illinois to sustain his proposition. The proposition would be correctly stated, and the authorities directly in point, if it were not for this particular provision of the Nebraska statute contained in § 1045. If it were not for the provisions of that section, then we would promptly agree with the contention of defendant in error, and hold that the suit would lie for a breach of one of the conditions of the replevin bond by plaintiff's failure to successfully prosecute the action. An examination of all the authorities cited by defendant in error reveals the fact that there was in those cases no statute like this provision of ours referred to. It was simply a question as to whether the bond was forfeited by plaintiff's failure to successfully prosecute the action, not as to whether anything additional was required in order to make the default complete. Taking the condition of this bond, together with the condition in the statute, which is a part of it, there must be a failure to prosecute the action successfully, and there must be a failure to pay the damages awarded, after execution had, and no property of the party against

whom judgment is rendered out of which the amount can be made. In the cases referred to there was but one condition; in the case at bar there are both. In the cases referred to the only and the sole ·condition of the bond is broken; in the case at bar but one of the necessary conditions has been violated. Therefore the action in this case was prematurely brought.

The question decided is decisive of this case and renders it necessary to reverse the judgment of the court below, and it is entirely unnecessary to decide the numerous other questions presented by the briefs of the parties. If the parties perform their contract these questions will never arise, and it is entirely unnecessary to anticipate them by a decision now.

The judgment of the court below will be reversed, with costs to the defendant in error.

All of the Justices concurring.