Allen v. Lowe.

GEORGE H. ALLEN ET AL., APPELLEES, V. PERCY JAMES LOWE
ET AL., APPELLANTS.

FILED APRIL 16, 1925.   No. 23119.

Replevin:   ACTION ON BOND.   Under section 9446, Comp. St. 1922,
the obtaining of a judgment against the plaintiff in replevin and
return of an execution thereon for want of sufficient property

whereon to make the amount of such judgment are conditions precedent to the bringing of an action upon the replevin bond.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed, with directions.*

*John E. Lowe* and *H. C. Lowe,* for appellants.

*Sterling F. Mutz* and *William C. Parriott, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMP-SON, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action upon a replevin bond in which the plaintiffs recovered judgment in the lower court, and the defendants appeal. The facts are that the defendants instituted an action in replevin against the plaintiffs to recover the possession of an automobile in the justice court of Lancaster county, and obtained possession of the car upon giving the bond in suit. It having been ascertained upon the appraisal that the property was of a value greater than the jurisdiction of the justice court, an order was made transferring it to the district court, but the transfer was not effected without delay, as required by the statute, and upon motion of the defendants in that action the transcript was stricken from the files on the ground that the court was without jurisdiction, and nothing further has been done looking to the prosecution of the action. Thereupon this action was brought upon the replevin bond, which was conditioned as required by statute, that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him. There seems to be no question but that the failure of plaintiffs in the replevin suit to have the action transferred and docketed in the district court in time to give that court jurisdiction of the case was a breach of the condition of the bond to duly prosecute the action. It is also well established that this is an independent condition of the bond and becomes effective regardless of the other conditions. *Budracco v. National Surety*

·Co., 182 N. Y. Supp. 590; *Biddinger v. Pratt,* 50 Ohio St. '719; *Siebolt v. Konatz Saddlery Co.,* 15 N. Dak. 87.   There-fore, the action is well brought, unless section 9446, Comp. St. 1922, is applicable.   That section is as follows:

"No suit shall be instituted on the undertaking given under the provisions of this article before an execution, is-sued on a judgment in favor of the defendant in the action, shall have been returned that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county."

In *Hershiser v. Jordan,* 25 Neb. 275, it was held under a similar statute that a petition which failed to allege a judg-ment and issue and return of execution was demurrable. In that case the replevin action had been properly trans-ferred to the district court, but was dismissed because the right to the possession of the property in controversy had been determined in a former action to be in the defendant, and although the property had been delivered to the plain-tiff under the writ.   The above case was followed in *Mulhall v. McVay,* 2 Okla. 534, the section in question being in force in the territory at that time in a case in which there had been a judgment for the return of the property, but not for its value in case it could not be returned.   The lower court found that the property could not be returned and rendered judgment upon the bond for $90 and costs, but the supreme court reversed the judgment holding that under the section in question the obligee in the bond was abso-lutely precluded from bringing action against the surety until he had first reduced the claim for damages growing out of the subject-matter of the original replevin action to judgment against the principal and had execution issued thereon and returned unsatisfied—citing *Cutler v. Roberts,* 7 Neb. 4.   It was held that the statute entered into and became a part of the bond.   In *Scott v. Scott,* 50 Mich. 372, where the replevin action abated and suit was brought upon the bond, it was held under a similar statutory provision as that of this state that the action could not be maintained, and that the sureties could only be called upon to respond

in damages after judgment rendered, and execution issued and returned as the statute provides.

The appellees cite in support of the judgment of the lower court a number of cases from different states, to wit, Missouri, Iowa, Indiana, California, Illinois, Rhode Island, Montana, Minnesota, and Kansas, but in none of these states is there a statute similar to ours prescribing conditions for the bringing of an action upon the undertaking. He also cites two cases from New York, *Budracco v. National Surety Co.*, 182 N. Y. Supp. 590, and *Verra v. Constantino*, 84 N. Y. Supp. 222. The statute of New York provided: "A defendant, who has recovered a final judgment, cannot maintain an action against the sureties in the plaintiff's undertaking, given to procure a replevin, until after a like return (wholly or partly unsatisfied) of a similar execution against the plaintiff." Section 1733, Code Civ. Proc. It was held that this section did not preclude action upon the bond in cases where no judgment had been rendered. The statute of this state above quoted, however, is not open to construction, and in effect requires a recovery of judgment against the plaintiff and return of execution as conditions precedent to an action upon the bond. There are no exceptions in it. Each condition of the bond is subject to the inhibition. To insert an exception into it under guise of construction would violate the plain language and intent of the act.

The judgment of the district court is reversed and the cause remanded, with instructions to dismiss the action without prejudice.

REVERSED.