DAVID H. HARTS ET AL.

v.

WILLIAM WENDELL, SHERIFF, FOR USE, ETC.

*Action on Replevin Bond—Attorney's Fees—Instructions—Offer to Return Part of Property.*

1. In an action on a replevin bond containing a condition " for the payment of all costs and damages occasioned by the wrongful suing out " of the writ, attorney's fees may be recovered.

2. The plaintiff in a replevin suit is bound to accept an offer to return a substantial part of the property replevied.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. BLINN & HOBLIT, for appellants.

Messrs. BEACH & HODNETT, for appellees.

Harts v. Wendell.

WALL, J.   The plaintiffs below recovered a judgment in an action of debt on a replevin bond.

The first question presented is whether certain items of expense for attorney's fees and for printing, which were necessarily incurred in defeating the replevin case, can be included as a part of the damages in the suit on the bond. The conditions of the bond were, as required by statute, that the suit should be prosecuted with effect and the property returned, if so awarded, that the Sheriff should be saved and kept harmless, and further, "for the payment of all costs and damages occasioned by the wrongful suing out of said writ of replevin." This last condition, which was first required by the amendment to the statute in 1879, is in substance like one of the conditions of an attachment bond, under which, so far as we are advised, attorney's fees have always been recovered. Churchill v. Abraham, 22 Ill. 456. We are of opinion the language employed is clearly sufficient to include such an item of expense. The evidence tended to show that the amounts charged had been agreed upon and were fair, and, if so, there is no reason for not allowing the same. The authorities cited seem not to sustain the appellant on this point.

The other question for consideration is as to the action of the court in giving the following instruction at the instance of the appellees:

"The court instructs the jury on behalf of the plaintiff that if you believe from the evidence defendants have offered to return only a portion of the property that they replevied from the plaintiffs, then the court instructs the jury that the plaintiffs would not be obliged to accept any of the property so replevied, and it would not preclude plaintiffs from maintaining their suit on the replevin bond.

"The court instructs the jury that even although they may believe from the evidence that the defendant Harts offered to return a portion of the property described in the writ of replevin offered in evidence, if the jury believe that such writ was ever so offered, that the said Jones and Emmons were not legally obliged to receive such portion of the property, but it was the duty of the defendants to return all

of the property taken under the writ of replevin in perform-
ance of the condition of the bond offered in evidence, if the
jury believe the bond has been so offered."

There was evidence tending to show that a very considera-
ble portion of the property stored in what was known as the
"Primm building" was tendered to the officers and accepted
by them, and that this property was in the same condition and
in the same place as and where it was when replevied, and
where it had remained during the replevin suit. It consisted
of fifty-six of the eighty-two cultivators replevied, except
the shovels belonging thereto. The other cultivators and the
other parts of these were in and about the "Mangas shop"
when replevied and it does not appear they had been returned
or tendered. The position is assumed that unless all the prop-
erty replevied is returned or offered it is of no avail, and full
damages are recoverable.

We can not assent to the proposition as applied in this case.
The property in question was substantial in value and quantity,
and was in the same condition as when replevied. The plaint-
iffs in the replevin case had the right to return it and be ad-
mitted to their defense *pro tanto*. The obligees in the bond
could not decline to accept it, nor could they return it with-
out the assent of the obligors. Wells on Replevin, Sec. 422.

The court erred in its instructions to the jury on this point.
The judgment must be reversed and the cause remanded.

*Reversed and remanded.*