D. J. FAIR v. THE CITIZENS' STATE BANK OF
ARLINGTON, KANSAS.

No. 13,637.   (76 Pac. 847.)

SYLLABUS BY THE COURT.

REPLEVIN—*Action for Depreciation in Value of Property Re-
turned.*  Where, as a compliance with the alternative judgment
in an action of replevin providing for a return of the specific prop-
erty or the value thereof, the property returned has depreciated
in value, an action may be maintained to recover such deprecia-
tion.  The statute contemplates that the property be returned
in substantially the same condition, and of the same value, as when
taken.

Error from Reno district court; M. P. SIMPSON,
judge.   Opinion filed May 7, 1904.   Affirmed.

*Prigg & Williams,* for plaintiff in error.

*H. Whiteside,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J.: On February 20, 1895, the firm of
D. J. Fair & Co., a partnership composed of D. J.
Fair and George M. Schurr, was dissolved by mutual
consent, Schurr retiring therefrom.   The firm had
for several years engaged in the lumber and grain
business at Abbyville, Kan., during which time Schurr
had the active management of the business.   Among
other transactions in the interest of the firm, Schurr
gave to the Citizens' State Bank of Arlington a note
for $647, signed by himself only and having the ap-
pearance of being his individual liability.   To secure
the payment of this note he placed with the bank, as
collateral security, a number of notes belonging to the
firm, indorsing thereon the firm name.   After the dis-
solution of the firm Fair demanded the notes held by

23—69 KAN.

the bank. It was claimed by him that the note to the bank for $647 was the individual obligation of Schurr, and that Schurr, without his knowledge and without authority, had turned over to the bank the notes by it held as collateral. The bank refused to deliver these notes to Fair and he commenced two actions in replevin to secure their possession, and one action in conversion. These three actions were consolidated and tried as one. The bank recovered a judgment against Fair for the value of the collateral notes or their return. Fair filed a supersedeas bond, retained possession of the notes given to the bank as collateral security, and carried the case to the court of appeals, where it was affirmed. (*Fair v. Bank*, 9 Kan. App. 779, 59 Pac. 43.)

Among the collateral notes which came into the possession of Fair by the replevin proceedings was one for $127.20, given by J. A. Kitzmiller and A. W. Marteney to D. J. Fair & Co., which, for convenience, we will hereafter refer to as the Kitzmiller note. Soon after the filing of the mandate of the court of appeals with the clerk of the district court, the bank caused an execution to issue on its judgment against Fair. Thereupon Fair, as a compliance with the alternative judgment of the bank against him, delivered the Kitzmiller note to the clerk of the district court, from whom the bank received it. The execution was returned unexecuted. This note was due December 1, 1894, and no payments had been made thereon. The mandate was issued from the court of appeals December 23, 1899. This action was commenced by the bank against D. J. Fair on the 4th day of September, 1901, in the district court of Reno county, to recover the value of the Kitzmiller note and interest. There was due plaintiff on the original note a sum in excess

of the amount sued for.   In its petition the bank
averred substantially the facts above set forth, and
charged liability of defendant thereon.    Defendant
denied liability, pleaded the statute of limitations as
a bar to a recovery, and alleged that the original note
had been paid.   The trial court rendered judgment
for plaintiff for $184.30, and defendant brings error.

There was no error in overruling defendant's de-
murrer to the petition or in refusing to sustain an ob-
jection to the introduction of evidence; nor did the
court commit error in overruling defendant's demurrer
to plaintiff's evidence.   The judgment in the replevin
action against defendant Fair was an alternative one;
it found the value of the collateral notes and directed
a return of them or their value, providing also for the
payment of any sums collected on them.   It is dis-
closed by the record that collections were made by
defendant on these notes and paid in to the clerk of
the court; none, however, upon the Kitzmiller note.
When defendant delivered the note to the clerk of the
court, with the view of thereby complying with the
judgment entered against him in the replevin action,
the statute of limitations had run against it, and it
was at that time barred against the makers and in-
dorsers (Gen. Stat. 1901, § 4446) ; no action could
have been maintained by plaintiff against them or
any of them, and the note was *prima facie* without
value.   It was not claimed by defendant that at the
time the note was delivered by him to the clerk of the
court it possessed value, nor was there testimony
offered by defendant to show any value in the note at
that time.   Testimony was offered by plaintiff tend-
ing to show that it was without value, and the trial
court by its judgment found it to be without value.

The action against defendant having been brought

not upon the note but to recover its value, he could not interpose as a defense to plaintiff's right to a recovery that the note was then barred against him by the statute of limitations; his direct liability on the note was not the subject of controversy in this action. Whether he was liable for the deterioration in value of the note caused by his retention of it was the question before the trial court, and is the question we are here called upon to determine. It is an established and well-recognized rule of law that where property has been taken in replevin, to comply with the alternative judgment for its return it must be returned in substantially the same condition as when taken, and without deterioration in value. (*Washington Ice Co. v. Webster*, 125 U. S. 426, 8 Sup. Ct. 947, 31 L. Ed. 799; *George v. Hewlett*, 70 Miss. 1, 12 South. 855, 35 Am. St. Rep. 626; *McPherson v. Acme Lumber Co.*, 70 id. 649, 12 South. 857; *Hazlett v. Witherspoon*, 25 South. [Miss.] 150; *Hinkson v. Morrison*, 47 Iowa, 167; *Yelton et al. v. Slinkard et al.*, 85 Ind. 190; 24 A. & E. Encycl. of L., 2d ed., 538.)

Defendant could not, by the return of a worthless note, made so by deterioration in value caused by his retention of it, claim a compliance with the judgment rendered against him in the replevin action and thereby escape liability. He retained the property at his own risk as to deterioration in value and not at the risk of plaintiff. He did not collect the note, and by retaining it prevented plaintiff from doing so. The statute contemplates that the property be returned in substantially the same condition, and of the same value, as when taken.

The judgment of the court below is affirmed.

All the Justices concurring.