## UNITED STATES FIDELITY & GUARANTY CO. v. HARMON et al.

No. 14125—Opinion Filed Sept. 18, 1923.

### 1. Judgment—Matters Concluded.

In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties, upon all the facts adjudicated, together with all the material facts which might have been presented as constituting a claim or defense. Such issues of fact so adjudicated, or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the

same parties, or those in privity in a collateral proceeding.

### 2. Same—Replevin—Judgment for Defendant.

In an action in replevin, where a final judgment is entered that the property taken under a writ of replevin should be restored to the defendants, or that they should be paid the value thereof, in an action against the surety upon the replevin bond for failure of the plaintiff to return the property, or pay the value thereof, such surety cannot attack said judgment, except for want of jurisdiction of the parties or the subject-matter of the action, and it matters not that such judgment may be erroneous, not having been appealed from, it is final and becomes the law of the case and the parties are bound thereby.

### 3. Appeal and Error — Briefs — Failure to Cite Authorities.

A plausible, but not convincing, argument in the brief unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

### 4. Same—Assignments of Error—Record.

Assignments of error not founded upon the record will not be considered by this court.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; Cham. Jones, Judge.

Action by I. E. Harmon and Z. T. Harmon against United States Fidelity & Guaranty Company, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. C. Lewis, for plaintiff in error.

Womack, Brown & Cund and H. Grady Ross, for defendants in error.

Opinion by THOMPSON, C. This action originated in the district court of Stephens county, Okla., between I. E. Harmon and Z. T. Harmon, plaintiffs below, defendants in error, and the United States Fidelity & Guaranty Company, a corporation, defendant below, plaintiff in error here, by I. E. Harmon and Z. T. Harmon filing their petition against the United States Fidelity & Guaranty Company on the 17th day of May, 1922.

The parties will hereafter be referred to as plaintiffs and defendant, as they appeared in the lower court.

The petition alleges that Finley P. Mount, receiver, instituted suit in the district court

of Stephens county against I. E. Harmon and Z. T. Harmon and A. S. Hathaway, said cause being numbered 1627, in which Finley P. Mount, receiver, sought to recover from them certain personal property in an action in replevin and filed therein an affidavit and bond to obtain an order for the immediate delivery of said property; that a writ of replevin was issued out of said court and the property was taken from the defendants and delivered to the plaintiff; that a bond was given, signed by the United States Fidelity & Guaranty Company, as surety, in the penal sum of $600, conditioned that the plaintiff in said cause should duly prosecute said action and pay all costs and damages that might be awarded against him, and that if said property should be delivered to him that plaintiff would return the same to said defendants, if such return be adjudged, and plaintiffs attached said bond to the petition as an exhibit and made it a part of said petition.

The petition further alleges that on the 14th day of April, 1919, the cause came on for trial and the plaintiffs here, as defendants below, recovered judgment against the plaintiff, Finley P. Mount, receiver, in the sum of $625, with interest thereon from the 14th day of April, 1919, at the rate of six per cent. per annum, and it is alleged that by reason of executing and delivering said replevin bond as surety thereon the defendant, United States Fidelity & Guaranty Company, became liable and bound to pay to the plaintiffs the full penal sum of said bond, to wit, the sum of $600, with interest thereon from the 14th day of April, 1919, at the rate of six per cent. per annum, which they have wholly failed and refused to pay to plaintiffs, after demand having been made therefor. A copy of the judgment is attached to the petition and made a part thereof. Plaintiffs pray judgment against the defendant in the sum of $600, with interest, and for costs.

The defendant, United States Fidelity & Guaranty Company, filed its answer admitting the execution of the replevin bond in civil case number 1627, in the district court of Stephens county, Okla., and that plaintiffs obtained judgment on the 14th day of April, 1919, as alleged in plaintiffs' petition, but alleges that the judgment entered on the 14th day of April, 1919, was not in fact the judgment of the court, and that it was not in conformity with the pleadings and proof in the action, and does not conform with the minutes of the court entered at said trial, and that the judgment was not supported by the evidence; that

the journal entry is inconsistent with the judgment as the journal entry in cause No. 1627 finds as a fact that the taking by the plaintiff in said cause by replevin of the property of the defendants was wrongful and that the value of the replevin property was $625 and adjudged that the Harmons, plaintiffs here, defendants in the original case, recover from the plaintiff $5.50 on breach of warranty and further ordered, adjudged, and decreed that the Harmons recover of the plaintiff the sum of $625 as the value of the property wrongfully taken; that the judgment against Hathaway, their codefendant in the original action, is to the effect that he was in unlawful possession of the property in replevin, and that the plaintiff was entitled to immediate possession of the property, or its value, as to Hathaway; that at the time of the entry of said judgment the defendants I. E. Harmon and Z. T. Harmon, had parted with title to the property involved when they sold it to Hathaway, and it was erroneous to give the Harmons judgment for the property on the ground that the taking by plaintiff from Hathaway was unlawful and that under the pleadings and evidence in the cause there was no default in terms and conditions of said replevin bond, and that the only judgment that could have been entered in favor of the Harmons, defendants, would have been solely for damage on account of breach of warranty, and not because of the wrongful taking of the property, and that the property taken under the writ of replevin was not taken from the Harmons, but was taken from Hathaway, and denied liability on account of the replevin bond. There is attached to said answer a copy of the petition in the original action, mortgages and note attached hereto, executed by the two Harmons, defendants here, and the answer of the two Harmons in the original action, which claimed a breach of warranty and damages therefor, and which placed in issue the right of the plaintiff in the original action to recover the property in replevin and prayed for a return of said property to them or their codefendant, A. S. Hathaway, or for judgment for the value of same. Judgment by default was taken against A. S. Hathaway by the plaintiff for possession of the property. A copy of the Hathaway judgment is attached to the answer and the original action proceeded to trial as between Finley P. Mount, receiver, and the Harmons.

Plaintiffs in this action filed reply to the answer of defendant, controverting all the allegations of defendant's answer, and the cause proceeded to trial to the court on the

30th day of August, 1922, without the intervention of a jury, which resulted in judgment being pronounced in favor of the plaintiffs, I. E. Harmon and Z. T. Harmon, against the United States Fidelity & Guaranty Company, as surety on the replevin bond in the original action, in the sum of $600, with interest from the 14th day of April, 1919, until paid, and the costs of the action.

The record does not contain any of the evidence introduced at the trial of the cause.

Motion for new trial was duly filed and overruled and the cause comes to this court regularly on appeal from said judgment.

There are five assignments of error set up by attorney for defendant in his brief, which are as follows:

"(1) Said court erred in overruling motion for plaintiff in error for a new trial.

"(2) Said court erred in not rendering judgment for plaintiff in error on the pleadings.

"(3) That said court erred in overruling the demurrer to the petition.

"(4) That the court erred in rendering judgment for defendant in error which is contrary to law and the evidence introduced in said cause.

"(5) That said judgment rendered in the court below is not sustained by the pleadings filed in said cause."

The second assignment of error can not be considered as no motion was filed for a judgment on the pleadings.

The third assignment of error cannot be considered for the reason that the record does not disclose that any demurrer was filed to the petition.

The latter part of the fourth assignment of error cannot be considered for the reason that the record does not contain the evidence introduced at the trial, and that leaves only the first, the first part of the fourth, and the fifth assignments for consideration.

The judgment of the lower court in the original action No. 1627 of Finley P. Mount versus I. E. Harmon, Z. T. Harmon, and A. S. Hathaway, which is made the basis of the present action, became final, and was not appealed from and became the law of the case, and the authority of Galbreath v. Mayo, 70 Oklahoma, 174 Pac. 517, cited by defendant in his brief, cannot, in any way, affect the issues in this case for the reason that no question was raised by the

principal of the bond in the original case but the case was allowed to proceed to judgment and in that judgment the court held that as to the defendants there, plaintiffs here, that the property was wrongfully taken by the receiver, Finley P. Mount, and the defendants were awarded judgment for $625, or the value thereof, for the wrongful taking and detention of the same and by the terms of the bond the surety on the bond, defendant in the instant case, became obligated to pay the plaintiffs in this action, this judgment to the amount of their obligation, which was in the penal sum of $600. The bond recites in its obligation, that they undertake to pay the penal sum of $600, conditioned that plaintiff Mounts should duly prosecute the action, pay all costs and damages that may be awarded against him, if possession of said property be awarded against him, that he would return the same to the defendants, if such return were adjudged.

The court, in its judgment in the original action, found that the taking by the plaintiff of the property in replevin was wrongful, and found that the Harmons should recover of and from plaintiff Mounts, receiver, $5.50 on account of breach of warranty and $625, the value of the property wrongfully taken from them, and one of the obligations under the bond, assumed by the defendant as surety, was that he should duly prosecute said action and if he did not prosecute it further by an appeal to the Supreme Court of this state, he having been adjudged to have taken the property wrongfully, the surety was obligated to have the property returned or pay the value thereof and this judgment then became conclusive as to the rights between the plaintiff, who was principal on the bond, and the Harmons. See case of Stauffer v. Watts, 73 Oklahoma, 174 Pac. 1031.

The defendant, United States Fidelity & Guaranty Company, having admitted the execution of the bond and the rendition of the judgment, which is the basis of this action, and copies of the bond and judgment being attached to the petition, there can be no question in the absence of any testimony to the contrary that the presumption arises that the judgment of the court, finding in favor of the plaintiffs and against the defendant in the amount set forth in the judgment, cannot, in any way, be disturbed by this court and there being nothing in the record to show that the judgment in the original case was void the original judgment is not subjected to the attack that the defendant is seeking to make in his ar-

gument in his brief. There are but two cases, cited by counsel for defendant in his brief, the one heretofore referred to, the case of Galbreath v. Mayo, 70 Oklahoma, 174 Pac. 517, and the other is the Everett v. Akins, 8 Okla. 184, 56 Pac. 1062, and we have carefully examined both of the cases and we cannot see how they are applicable to the case at bar. In the last mentioned case, Everett v. Akins, we find that the court decided as follows:

"Where a question of fact is submitted to the jury, and there is competent evidence tending to establish such fact, the verdict of the jury and the judgment of the court thereon are conclusive.

"In an action in replevin, where an issue of fact is submitted to the jury and a verdict returned thereon, the judgment of the court should be rendered according to the verdict of the jury, and in conformity therewith."

And, in the original case and in the instant case, the cases were tried to the court by agreement, without the intervention of a jury and the court heard all the evidence and it being a jury case, the judgment of the court assumes the same force and effect, as a verdict of a jury and as quoted in the above opinion the judgment of the court thereon became conclusive and as said in the above opinion quoted, the judgment of the court should be rendered according to the verdict of the jury and in conformity therewith. This being true, the argument of counsel upon this proposition seems to be without merit, and this view seems to have been upheld by a long line of decisions by this court. See Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159; McIntosh v. Holtgrave et al., 79 Okla. 63, 191 Pac. 739; McDougal v. Rice, 79 Okla. 303, 193 Pac. 415. And in the case of Holleman v. Cushing, 84 Okla. 156, 202 Pac. 1029, this court held:

"Where a court of competent jurisdiction, having jurisdiction of the parties and the subject-matter of an action, renders judgment therein, it matters not that such judgment may be erroneous, not having been appealed from, it was final, because the law of the case and the parties were bound thereby."

The presumption is in favor of the judgment of the lower court as being correct, and the burden is upon the appellant to overcome such presumption, and the attorney for appellant having cited only two authorities, neither of which, in our judgment, has any application to the issues as disclosed by the record here, we are of the opinion that the contention of the attorney for the appellee that:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court. (Pauls Valley Storage Co. v. Harris, 62 Okla. 103, 162 Pac. 216; Arbuckle Min. & Mill. Co. et al. v. Beard, 56 Okla. 144, 155 Pac. 1138; Title & Guaranty Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Cox v. Butts, 48 Okla. 147, 149 Pac. 1090; Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac. 607; Patterson et al. v. Meyer, 28 Okla. 304, 114 Pac. 256; Vernon v. Poorman, 59 Okla. 105, 158 Pac. 615"

—is correct and should be sustained by this court.

A solemn, final judgment of a court against a principal on a replevin bond, where the court has jurisdiction over the person and subject-matter of the action, should be given force and effect if possible, and where a surety has gone on a bond in a replevin action, obligating itself as in this action to see that plaintiff duly prosecutes the action and pays all costs and damages awarded against him, and the property delivered to him, under said obligation, should be returned to the party to whom it is awarded by the judgment in the absence of very strong controlling causes, which are not apparent in this case, should be held to the payment of the amount found against the principal on the bond by the courts of this state, and in the instant case the court is of the opinion that both judgments were correct and the judgment of the trial court in this case is right and should be, and is, hereby affirmed.

By the Court: It is so ordered.