No. 26,956.

EMMA LADD, *Appellee*, v. ED STRATTON, *Appellant*.

SYLLABUS BY THE COURT.

1. REPLEVIN — *Pleading* — *Effect of Prayer in the Alternative*. The fact that the plaintiff in replevin prays judgment for the possession of the property, or for its value as stated in the affidavit, is not an election to accept a money judgment in lieu of the return of the property and does not give to the defendant an option to pay the value and keep the property.

2. SAME—*When Action may Proceed as for Damages Only*. The provision of the act relating to procedure before a justice of the peace that where the property claimed in replevin has not been taken the action may proceed as one for damages only applies where no seizure of the property has been made by the constable, but not where, after taking it, he has returned it to the defendant upon the giving of a redelivery bond.

3. JUSTICES OF THE PEACE — *Appeal* — *Judgments Rendered on Confession* — *Rights of Plaintiff*. The statutory provision that an appeal may not be taken from a judgment of a justice of the peace rendered on confession does not prevent an appeal by the plaintiff where by consent of the defendant a judgment is rendered for less than what is claimed.

4. APPEAL AND ERROR—*Amount in Controversy—Replevin Actions*. The present statute, which forbids appeals "in any civil action for the recovery of money" unless the amount in controversy exceeds $100, does not apply to replevin, where the plaintiff claims as a full owner of the property and not as a mere lien holder.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed January 8, 1927. Affirmed.

*Arthur M. Jackson*, of Leavenworth, for the appellant.
*Jesse A. Hall*, of Leavenworth, for the appellee.

Appeal and Error, 3 C. J. pp. 381 n. 8, 1262 n. 74. Justices of the Peace, 35 C. J. p. 732 n. 72. Replevin, 34 Cyc. pp. 1518 n. 51, 1545 n. 97.

Ladd v. Stratton.

The opinion of the court was delivered by

Mason, J.: In the city court of Leavenworth (having substantially the jurisdiction and procedure of a justice of the peace) the plaintiff brought replevin for a piano, and other property, the whole valued in the affidavit at $45. The defendant gave a redelivery bond and the possession of the property was restored to him. The bill of particulars of the plaintiff asked judgment for the possession of the property or for its value in the amount named. The defendant filed a written confession of judgment for $45 and costs. Judgment was rendered for that amount, which the defendant paid into court. The plaintiff appealed from the judgment by filing a statutory bond. In the district court the defendant moved to dismiss the appeal on the ground that all matters in controversy had been adjudicated. This motion was overruled and a trial was had over the objection of the defendant, who introduced no evidence. Judgment was rendered that the plaintiff recover the possession of the property or its value in the sum of $45. The defendant appeals from this judgment, urging these propositions:

*a.* The plaintiff's course amounted to an election to ask for a money judgment, which could not be larger than the value stated in the affidavit (R. S. 61-508), and the payment of the judgment for that amount ended the matter.

*b.* The action must be treated as one merely for the recovery of money because of the statutory provision that in replevin before a justice of the peace, when the property claimed has not been taken, the action may proceed as one for damages only (R. S. 61-513), which in this instance could not exceed $45.

1. Neither proposition is well founded. The prayer of the plaintiff's bill of particulars for the possession of the property or its value in money is to be interpreted, not as giving the defendant the option to return the property or pay the value as he might choose, but as meaning that if a return could not be had a payment of $45 should be required in lieu thereof. The alternative feature of the judgment in replevin is for the benefit of the wronged party only. (*Bank v. Venard,* 109 Kan. 15, 197 Pac. 877.) The plaintiff doubtless was dissatisfied with the judgment in the city court because it provided for a money judgment only; but in any event she was entitled to take an appeal (*Mercantile Co. v. Wimer,* 97 Kan. 31, 154 Pac. 216),

and her giving of the statutory bond vacated the judgment (3 C. J. 1261), regardless of whether or not error was committed in its rendition. The appeal is a matter of right, calling for a trial *de novo* (R. S. 61-1003), no review of the correctness of the rulings of a justice of the peace being provided by the statute. (*Norman v. Toliver*, 94 Kan. 356, 146 Pac. 1037.) The judgment in the district court was for the return of the property or the payment of its value, but the option rested with the plaintiff and not with the defendant.

2. The provision of the statute that where the property claimed has not been taken the action may proceed as one for damages only is intended to meet the situation where the constable has not obtained possession of the property under the order of delivery issued to him. It does not apply in cases like the present, where the property, after being seized by the officer, is returned to the defendant upon the giving of a forthcoming bond. The abstract recites that the defendant filed a redelivery bond and "retained possession of the property." Whether the constable ever had physical possession of it is immaterial. The giving of the redelivery bond was a recognition of his control of it.

3. The judgment of the city court was not rendered "on confession" in such sense as to be subject to the rule that judgments rendered on confession by a justice of the peace are not appealable (R. S. 61-1010); otherwise a plaintiff in justice court would be without remedy if on request of the defendant judgment were wrongfully rendered for a less amount than that claimed.

4. The defendant raises the point that this court has no jurisdiction because the amount in controversy does not exceed $100. Formerly the statute provided that no review should be had in this court "in any civil action" (with certain exceptions) unless the amount or value in controversy exceeded that sum. (Laws 1889, ch. 245, § 1; Gen. Stat. 1901, § 5019.) That law made the limitation applicable to replevin actions. (*Blank v. Powell*, 68 Kan. 556, 75 Pac. 486.) Under the present statute it is imposed only in the case of a "civil action for the recovery of money." (Laws 1907, ch. 256, § 1; R. S. 60-3303.) Replevin is not an action for the recovery of money primarily, unless where merely a lien is claimed. The money judgment where full ownership of the property is asserted is an alternative to prevent entire loss to the plaintiff if a return cannot be had. We hold the judgment to have been appealable.

The judgment is affirmed.