## COLEMAN et al. v. P. K. LOCKE & SON.

No. 19015. Opinion Filed April 9, 1929.

J. R. Charlton and J. M. Humphreys, for plaintiffs in error.

82

P. A. Sompayrac and J. C. Cornett, for defendant in error.

TEEHEE, C. This cause arose upon a redelivery bond in replevin. In the main action defendant in error, P. K. Locke & Son, recovered a judgment in the alternative against S. T. Coleman, one of the plaintiffs in error and the principal in the bond sued on. That judgment was for the possession of certain personal property consisting of live stock, in which Locke & Son, as mortgagee, claimed a special interest, the mortgage having been given to Locke & Son by Coleman to secure the payment of his promissory note, or failing in possession, then for the payment to mortgagee of the value of the property, this being fixed in the amount of $2,020 in the judgment, and $180 attorney fees and costs. Thereafter, Coleman, as in partial satisfaction of the judgment, delivered to Locke & Son certain of the property involved sufficient in value to reduce the judgment to the sum of $850. Upon failure of Coleman to satisfy the remainder, the attorney's fee, and costs alleged to be in the sum of $50, defendant in error, to recover the same, brought this action against plaintiff in error, Coleman and his coplaintiffs in error, James W. Phillips and Mel Revard, sureties on the bond, to all of whom our further reference will be according to their respective trial positions as plaintiff and defendants.

This statement of plaintiff's cause of action, in substance, was by appropriate allegations contained in plaintiff's petition, of which a copy of plaintiff's petition, replevin affidavit, bond, writ, redelivery bond and judgment in the main action, by exhibit, were made a part. Upon unsuccessful demurrer to the petition, defendants jointly answered by general denial, and further pleaded matter which went to the regularity of certain of the proceedings in the main action alleged to be jurisdictional, and that they had delivered to plaintiff all property coming within the purview of the bond sued on, by reason whereof there was full performance of their obligations thereunder. New matter set up in the answer was by plaintiff denied.

The cause was tried to the court as a trier of fact. The court found the issues for plaintiff and rendered judgment against the defendants in the sum of $800 and costs of $47.55 accrued in the main action, and the costs in this case, which judgment was superseded pending this appeal.

For reversal of the judgment defendants rely on five grounds, namely, error in overruling their demurrer to plaintiff's petition, insufficiency of the evidence to support the findings and judgment, admission of incompetent evidence, irregularity in the proceedings preventing a fair trial, and exclusion of competent evidence.

In presenting the first ground, defendants proceed on the theory that, as there was a variance between the allegations of the conditions of the bond sued on and the copy of the bond attached to the petition as an exhibit, the petition was thus rendered fatal on demurrer. The petition alleged the substance of the obligatory part of the bond as to the obligor, in which relation the bond, a printed form, was not filled in with the word "him" in the blank space to indicate that the principal obligor, Coleman, was to perform upon judgment against him by either the delivery of the property involved or in lieu thereof pay its money value as by the judgment fixed. This omission defendants contend was material.

That "words omitted by inadvertence from a written contract may be supplied by construction, if the context shows what words are omitted," is a matter that is not now open to controversy. Irwin v. Nichols, 87 Ark. 97, 112 S. W. 209; 13 C. J. 535, section 496. In Mulhall v. McVay, 2 Okla. 534, 37 Pac. 604, it was held:

"Where a statutory bond is given in a replevin action, the provisions of the statute enter into and become a part of the bond."

The statute under which the bond in the cause at bar was given is section 332. C. O. S. 1921, which expressly provides that the undertaking shall be "to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him. * * *" When the point is considered in the light of the principle laid down in the McVay Case, which is the controlling rule in all cases of contracts (Farley v. Board of Education, 62 Okla. 181, 162 Pac. 797), there is no basis on which to predicate defendants' contention, as it becomes quite clear that the omitted word is supplied by the statute which fixes the relationship of the parties to the bond. Furthermore, in the circumstances of the case in this connection, the rule of the cases relied on by defendants goes no further than to hold that, where there is a variance between a pleading and an exhibit attached thereto, the exhibit controls, and there being no such variance here, the rule is without application. It therefore must

follow that an inadvertent omission of a word, as here, in a redelivery bond for the return of replevied property or payment of the value thereof to the obligee, is no ground of demurrer to a petition in a suit thereon, to which a copy thereof is attached, where the context of the bond when read in connection with the statute under which it was given plainly indicates the omitted word, as that by force of the law is supplied. The court, therefore, did not err in overruling the demurrer.

As the other four assignments of alleged error all go to questions of evidence affecting the regularity of the replevin proceedings in the main case, they will be considered together. In that relation defendants sought to impeach the record in the main case as to the number of live stock involved, and as to the fact of nonseizure and nonpossession thereof by the sheriff at the time of the execution of the bond sued on. The points particularly urged as a defense are that the defendant Coleman was not in the possession of the number of live stock set out in the writ of replevin under which the sheriff was authorized to sequester the property, and that the sheriff did not in fact take into his possession under the writ any of the property described therein at the time of the execution of the bond sued on. The court first rejected such evidence on the ground that the giving of the redelivery bond by defendants foreclosed impeachment of the record in relation to the phases of attack made thereon, but later admitted such evidence. The court's first ruling in the premise was correct and should have been adhered to. The judgment in the main action fixed both the quantity and the value of the property involved therein for which the redelivery bond was given.

In Boyd v. Huffaker, 40 Kan. 634, 20 Pac. 459, the syllabus reads as follows:

"In an action of replevin where the defendant and sureties give a redelivery bond, and the property is returned to the defendant, and afterward judgment is rendered in favor of the plaintiff and against the defendant in the alternative for a return of the property to the plaintiff, or in case a return cannot be had, then for its value, and the judgment is not performed or satisfied, and the plaintiff sues the sureties on the redelivery bond, held, that no defense can be set up in the action on the redelivery bond which could with reasonable diligence have been set up or interposed in the replevin action."

In McFadden v. Fritz, 110 Ind. 1, 10 N. E. 120, it was held as follows:

"The judgment in a replevin action is conclusive as to all questions that were litigated or might have been litigated under the issues, including the question of ownership.

"The plaintiff in an action of replevin, and his sureties, are estopped to deny the regularity of the proceeding, or to say that there was no consideration for the bond executed by them to secure possession of the property."

For further application of this principle see Wells on Replevin (2nd Ed.) 390, section 446, etc.; 23 R. C. L. 940, section 113. Under the foregoing principle, the defenses relied on were not available to defendants.

For the foregoing reasons, therefore, the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.