## YELLOW MFG. ACCEPTANCE CORP. v. FINNELL.

No. 21837.   April 10, 1934.

Kleinschmidt & Johnson, for plaintiff in error.

C. S. Fenwick and H. F. Fulling, for defendant in error.

McNEILL, J.   The only material issue involved in this action is whether or not the trial court should have directed a verdict in an action on the redelivery bond in replevin.

The property involved was a trailer to an auto truck. The trial court in the replevin action fixed its value at $500 and gave plaintiff judgment for the immediate possession of said property or its value. Thereafter, defendant in that action offered to deliver said property to plaintiff, but on account of the condition of the property and decrease in value since the property was replevined, plaintiff declined to accept the same.

Plaintiff in the action at bar requested the trial court to direct the jury to return a verdict for the plaintiff in the sum of $500 and assigns the refusal of the court to give this peremptory instruction as major ground of error.

No appeal having been taken in the replevin action, the value of the property as fixed by the trial court at $500 at the time of its replevin was conclusive.   Coleman v.

P. K. Locke & Son, 136 Okla. 81, 276 P. 492; U. S. Federal & Guaranty Co. v. Harmon, 92 Okla. 167, 218 P. 682. There is no testimony in the record to show that the trailer was worth more than $200 at the time it was tendered to the plaintiff, though the evidence of the defendant in the action on the replevin bond tends to show that the property was in as good condition at the time it was offered to the plaintiff as it was at the time the redelivery bond was given. This is not sufficient to defeat liability by the principal and surety on a redelivery bond.

To avoid the penalties of a redelivery bond by reason of the tender of the property after judgment, it is incumbent upon the defendant and his sureties to show that the property is substantially in as good condition as it was on the date on which it was replevined, and also that there is no material depreciation in its value. See Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Caldwell v. Stiles, 80 Okla. 106, 194 P. 226; Fair v. Citizens' State Bank of Arlington, 69 Kan. 353, 76 P. 847; Dew v. Hoffman, 130 Okla. 247, 266 P. 1107.

When defendant retains the property in a replevin action by giving a redelivery bond, he does so at his own risk in the event plaintiff is adjudged the possession of the property or its value; and this risk includes the two essentials, to wit, that the property be returned in substantially the same condition and of the same value.

The evidence being undisputed that there was a material depreciation from the fixed value of $500, it was error for the trial court to refuse the peremptory instruction requested by the plaintiff.

The judgment of the trial court is reversed, with directions to enter judgment for the plaintiff in the sum of $500.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.