## LIERLY et al. v. MOTOR MTG. CO.

No. 22473.   Oct. 8, 1935.

H. H. Loden, for plaintiffs in error.

E. D. Brewer, for defendant in error.

McNEILL, C. J. The question presented involves the validity of a judgment recovered from the sureties on a redelivery bond in replevin for depreciation in the value of an automobile during the time of its retention.

On December 3, 1930, the Motor Mortgage Company, defendant in error, recovered a judgment against W. E. McDaniel for the possession of a certain automobile in the same condition and free from wear and depreciation as the same was on May 20, 1930, the date of the commencement of the action in replevin, or, in case the same was not delivered, the Motor Mortgage Company was to have judgment against McDaniel for the value of the car, which the court fixed at $350, and interest thereon from May 20, 1930. McDaniel and his sureties, for the purpose of retaining the property, executed a redelivery bond which contained the following provision:

"Now, if the defendant above named shall deliver said property to said plaintiff, if such delivery be adjudged, and shall pay all costs and damages that may be awarded against W. E. McDaniel, then this obligation to be void, otherwise to remain in full force and effect. * * * "

Thereafter, on December 6, 1930, the defendant McDaniel delivered the car in question to the Motor Mortgage Company. According to the record, which contains only the pleadings and the various judgments, the automobile, at the date of the delivery, was in a worn and depreciated condition and of the value of $100.

After delivery had been made, the Motor Mortgage Company, on December 23, 1930, instituted an action against McDaniel and his sureties on the redelivery bond. On March 19, 1931, the trial court rendered judgment in said action in favor of the Motor Mortgage Company and against McDaniel and his sureties in the sum of $270, with interest thereon from May 20, 1930. On April 13, 1931, plaintiffs in error, being the sureties on the redelivery bond, filed their motion to vacate and set aside the judgment rendered against them, contending that the judgment was void as to the money judgment upon the theory that, since defendant McDaniel had returned the automobile, which plaintiff had accepted, the bondsmen should not be liable for the depreciation of the automobile during the time McDaniel had kept the car pending the determination of the action in replevin. Plaintiffs in error cite section 335, C. O. S. 1921, as sole authority for their contention.

Plaintiffs in error also urge that the Motor Mortgage Company, by accepting the automobile in its worn and depreciated condition, thereby waived any action on the bond.

Section 332, C. O. S. 1921, provides for a redelivery bond in a replevin action. Provision is therein made for the redelivery of the property obtained under a writ of replevin conditioned upon defendant executing a bond with one or more sufficient sureties to be approved by the sheriff to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him. When such a bond is filed and duly approved it becomes the duty of the sheriff to return the replevied property to the defendant. The specific purpose of this section of the statute is to afford an opportunity to the defendant to obtain the return of said property, and the provisions of the statute control and become an effective part of the redelivery bond as though written therein. Mulhall v. McVay, 2 Okla. 534, 37 P. 604; Shinn on Replevin, sec. 863.

There is no evidence before us to indicate that the delivery constituted accord and satisfaction, or that the plaintiff was in any way releasing McDaniel and his sureties from their obligations on the redelivery bond on account of the delivery of the car. Where property has been taken in replevin, it is well settled that to comply with the alternative judgment for its return, the property must be returned in substantially the same condition and of the same value as when taken. The same rule applies when the property has been retained by the defendant upon executing a redelivery bond.

If a defendant is adjudged to return property in an action in replevin, he cannot be heard to say that he returned the property at the risk of the plaintiff, for the obvious reason that his act was adjudged to be wrongful, and his sureties cannot be placed in any better position than their principal. In the event the property is adjudged to be returned, the defendant and his sureties, to avoid the penalties of a redelivery bond by

reason of tender of property after judgment, must show that the property was substantially in as good condition as when replevied and also that there was no material depreciation in value. Yellow Mfg. Acceptance Corp. v. Finnell, 167 Okla. 653, 31 P. (2d) 884; Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Caldwell v. Stiles, 80 Ok'a. 106, 194 P. 226; Fair v. Citizens' State Bank of Arlington, 69 Kan. 353, 76 P. 847, 105 Am. St. Rep. 168, 2 Ann. Cas. 960; Dew et al. v. Hoffman, 130 Okla 247, 266 P. 1107.

In the case of Burkett v. Vail, 123 Ore. 461, 260 P. 1014, the Supreme Court of Oregon considered the question of whether the plaintiff was bound to accept the property as tendered. In that case it was said:

"Was the plaintiff bound to accept the return of the automobile at the time it was tendered to him by defendants? Where the property taken under a redelivery bond remains in substantially the same condition, the return thereof to the plaintiff is a satisfaction of the judgment pro tanto. Marks v. Willis, 36 Ore. 1, 58 P. 526, 78 Am. St. Rep. 752; Lewis v. McNary, above. In order for the return of the property to have that effect, the property must be in substantially the same condition in which it was received by the defendants. 23 R. C. L. 907, sec. 68; 34 Cyc. 1575 (B); Tucker v. Tremont Trust Co., 242 Mass. 25, 136 N. E. 62, 24 A. L. R. 1185; Jacobs v. Walker, 90 Okla. 209, 216 P. 935, 31 A. L. R. 1287; Hallidie Machinery Co. v. Whidbey Island S. & G. Co., 73 Wash. 403, 131 P. 1156, 45 L. R. A. (N. S.) 40, 46; Fair v. Citizens' State Bank, 69 Kan. 353, 76 P. 847, 848, 105 Am. St. Rep. 168, 2 Ann. Cas. 960. Whether or not the automobile was in substantially the same condition at the time it was tendered to plaintiff as it was when it was taken from the sheriff by the defendants is a question of fact."

The rule announced in 54 C. J. sec. 330, p. 600, is as follows:

"Where, however, the property is in practically the same condition as when taken, or is not so badly damaged as greatly to impair its value, the tendency is to require the prevailing party to accept it in partial satisfaction of the judgment."

See, also, Wells on Replevin, sec. 422; Harts et al. v. Wendell, 26 Ill. App. 274.

It is the affirmative duty of the defendant and his sureties on a redelivery bond to take active measures to return the property under an alternative judgment within a reasonable time. If the property has become deteriorated and worthless, the plaintiff is not required to accept the same, but may seek his remedy on the redelivery bond; but, if the property is of substantial value, the plaintiff should be required to accept the same in satisfaction of his judgment pro tanto only, and, in such event, the sureties are liab'e for the difference in the value of the property when taken under the writ and the value when returned.

The trial court found that the value of plaintiff's interest in the automobile was $350 at the time of the action in replevin. No appeal was taken in that action and the value of the automobile as fixed by the trial court at $350 at the time of its replevin was conclusive. Yellow Mfg. Acceptance Corporation v. Finnell, supra; Coleman v. P. K. Locke & Son, 136 Okla. 81, 276 P. 492; U. S. Fidelity & Guaranty Co. v. Harmon, 92 Ok a. 167, 218 P. 682.

We conclude that the trial court did not err in overruling the motion to vacate the judgment rendered on the redelivery bond.

Judgment affirmed.

RILEY, BUSBY, PHELPS, and CORN, JJ., concur.