No. 35,639

F. F. BLAND, doing business as BLAND MOTOR COMPANY, *Appellant,* v. FLOYD DOTSON, doing business as DOTSON MOTOR COMPANY, *Appellee.*

(131 P. 2d 637)

Opinion filed December 12, 1942.

*Walter B. Patterson,* of Fort Scott, was on the briefs for the appellant.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson,* of Fort Scott, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to replevin an automobile, and from an adverse judgment the plaintiff appeals to this court. The defendant appellee moves the appeal be dismissed for the reason the amount or value in controversy does not exceed one hundred dollars.

Briefly stated, in his petition the plaintiff alleged that he was the absolute owner of the automobile by virtue of a chattel mortgage and that his demand for possession had been refused by the defendant; that one Charles King had delivered to plaintiff his note

and chattel mortgage on the automobile, copies being attached to and made part of the petition, and that there was a balance due on the note of $36.50; that later King had caused a pretended lien for repairs on the automobile to be filed in favor of the defendant and shortly thereafter had relinquished possession to the defendant; that under the terms of the chattel mortgage default had been made, and plaintiff desired to foreclose his chattel mortgage and to sell at private sale according to its terms.

The sole defendant was the person in possession of the automobile. We need not notice his answer nor what transpired at the trial, further than to state that judgment was in his favor.

Does the defeated plaintiff have a right of appeal to this court? Prior to 1907, the code of civil procedure provided, with exceptions not here important, there should be no appeal "unless the amount or value in controversy exclusive of costs in civil actions exceeds one hundred dollars," etc. (Gen. Stat. 1901, § 5019; Gen. Stat. 1905, § 5467.) Under the statute as there appearing it was held that there was no appeal in an action in replevin where the amount in controversy was less than one hundred dollars. See *Blank v. Powell*, 68 Kan. 556, 75 Pac. 486.

The statute was amended by Laws 1907, ch. 256, and again altered when the code of civil procedure was revised in 1909. (See Laws 1909, ch. 182, § 566.) The statute as revised now appears as G. S. 1935, 60-3303, and so far as now pertinent reads:

"No appeal shall be had or taken to the supreme court in any civil action for the recovery of money unless the amount or value . . . shall exceed one hundred dollars . . ."

In *Ladd v. Stratton*, 122 Kan. 274, 276, 252 Pac. 234, the right of appeal in a replevin action under the statute as amended was before this court. After reviewing the provisions of the code, it was said:

"Replevin is not an action for the recovery of money primarily, unless where merely a lien is claimed." (l. c. 276.)

In that case the plaintiff claimed absolute ownership of the property sought to be recovered. No lien was involved and it was held that the defendant, who had been defeated in the trial court, had a right of appeal to the supreme court.

In the case at bar it appears that although plaintiff did allege absolute ownership, he stated it was by virtue of his right under a note and chattel mortgage, the details of which were pleaded and copies of which were attached to the petition as an exhibit and made

a part thereof, in addition to which he alleged he desired possession so that he could sell the automobile under his chattel mortgage. The substance of the petition was to plead a special ownership, to establish priority of lien and to recover the sum of $36.50. Under such circumstances, the statutory amount necessary for an appeal does not exist and the appeal must be dismissed. It is so ordered.