WORTHAM v. MATHEWS.

No. 35296.   Nov. 25, 1952.

*250 P. 2d 428.*

Tom Finney, Idabel, for plaintiff in error.

Geo. T. Arnett, Idabel, for defendant in error.

GIBSON, J. On July 5, 1950, a judgment was rendered in justice of the peace court in the Idabel justice district of McCurtain county in favor of plaintiff in error and against one G.C. Mathews. The county sheriff, under an execution, levied upon a 1936 model Ford Sedan automobile to satisfy the judgment and he held possession of the same until November 2, 1950, when Mary F. Mathews, defendant in error, who was the wife of G. C. Mathews, filed this action in the county court of McCurtain county against the plaintiff in error and the sheriff and Ben Williams, deputy sheriff, for possession of the automobile, alleging that she was the owner thereof. Issues were joined and the cause was tried before a jury, and on February 20, 1951, the jury returned a verdict in favor of Mary F. Mathews and against Elbert Wortham for possession of the automobile or its value in the sum of $500 and for the sum of $100 found to be the value of the use of the automobile from the time it was taken from plaintiff. Judgment was rendered on the verdict. No appeal was perfected and the judgment of the county court became final.

We shall hereafter refer to the parties as they appeared in the trial court. Defendant in error was plaintiff.

Following the rendition of judgment plaintiff filed her motion for issuance of a general execution, alleging that, after recovering her judgment, defendant or his agent tendered the automobile to the plaintiff, but that it was not in the same condition as when it was taken from her; that the motor and battery were bursted, and the upholstery was badly torn or destroyed. Further, that by exposure to the weather the body, top and interior of the automobile were badly damaged; that demand had been made of defendant for payment of the value as fixed by the jury, which demand had been refused, and that plaintiff was now entitled to a general execution.

Following a hearing had on April 19, 1951, the county court entered an order directing that a general execution issue commanding the sheriff to levy upon the property of defendant and make the sum of $500 with interest and costs. Defendant appeals.

Defendant says that the trial court erred in ordering issuance of a general execution against his property and that the judgment is not sustained by the evidence and is contrary to law.

Counsel for defendant on this appeal was not his counsel in the trial of the

cause and he frankly states that he is now endeavoring to extricate defendant from the "legal switch" in which counsel found him, when employed to represent him in the hearing on the motion for a general execution. It is conceded that defendant is bound by the verdict and judgment as to the value of the automobile when it was taken from plaintiff and that that judgment cannot now be attacked as it is a final judgment.

The question presented on this appeal is whether plaintiff was obligated to accept the automobile as it was when tendered to her and sue defendant for damages occasioned by its depreciation in value during the nine months in which she was deprived of its possession, or if she could refuse to accept the automobile in the condition in which it was tendered, and have execution issue for the value as fixed in the judgment.

Defendant cites and places chief reliance upon the case of Leeper, Graves & Co. v. First Nat. Bank of Hobart, 26 Okla. 707, 110 P. 655, wherein the court held:

"In an action of replevin, where there is an alternative judgment rendered against plaintiff for the return of the property taken or its value, it is the duty of plaintiff to promptly and in good faith tender all of the same in as good condition as received and a failure to do so will render his sureties liable on their undertaking for the full amount that defendant may be damaged thereby.

"(a) In such a case, however, where plaintiff within a reasonable time makes a good faith tender of a substantial part of the property taken, it is the duty of the defendant to accept the same and recoup on plaintiff's bond for any damages suffered."

The use of the words "good faith" and "substantial" in the citation have a special significance in dealing with cases of this character. In the cited case it appears that all but a small fraction of the property was tendered

and the missing parts could have been readily supplied in the open market.

In the instant case the trial court found:

"The undisputed testimony shows that when the car was taken the motor was in good condition. That when it was returned there was a crack in the block approximately three inches long and one-half inch wide. That the battery had bursted while the car was wrongfully detained and that one window was left open and the elements had caused damage to the upholstery of the front seat. Testimony on behalf of the defendant shows that the costs of repairs will amount to $100.00. The value of the car now, as testified to by witnesses for both parties, would be not more than $125.00."

In Lierly v. Motor Mtg. Co., 174 Okla. 153, 50 P. 2d 156, we said:

"Where property has been taken in replevin, it is well settled that to comply with the alternative judgment for its return, the property must be returned in substantially the same condition and of the same value as when taken."

Supporting said rule we cited Yellow Mfg. Acceptance Corp. v. Finnell, 167 Okla. 653, 31 P. 2d 884; Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Caldwell v. Stiles, 80 Okla. 106, 194 P. 226; Fair v. Citizens' State Bank of Arlington, 69 Kan. 353, 76 P. 847, 105 Am. St. Rep. 168, 2 Ann. Cas. 960; Dew v. Hoffman, 130 Okla. 247, 266 P. 1107.

As noted above, the value of the automobile at the time it was taken from plaintiff was fixed by the judgment on the verdict at $500 and since no appeal was taken that value is final and conclusive. Lierly v. Motor Mtg. Co., supra, and cases therein cited. The automobile involved herein was not stored. It was exposed to weather conditions from the time that it was seized under the execution in July, 1950, through the winter months until the trial in February, 1951. Its motor and battery had frozen and neither would function. It was tendered without repair of the admitted

damage. Under the evidence, when the tender was made the automobile was not in substantially the same condition as when it was taken from plaintiff. The tender of an automobile of one-fourth its adjudicated value was not a tender of property of substantially the same value as of the time of its taking. It was not a tender in good faith and plaintiff was not required to accept the tender made, and was entitled to a general execution. Jarecki Mfg. Co. v. Fleming, 170 Okla. 70, 38 P. 2d 925.

In Seidenbach's v. Underwood, Trustee, etc., 178 Okla. 624, 63 P. 2d 950, this court discussed what was essential to establish a tender in good faith in this character of action, and there held that unless the tender met the requirements for a good faith tender plaintiff was not required to accept. Therein we said:

"* * *The phrase, 'in good faith,' as used in the decisions, is more than a casual expression. It means that there must be an actual bona fide attempt to comply with replevin judgment and a good faith effort to make whole the successful litigant, either by returning to him all of the property in substantially as good condition as at the time when such litigant was deprived of the same, or to pay to such successful litigant the value thereof as fixed in the alternative judgment, or to return a substantial part of the property (where the balance of the same is readily and easily replaceable), together with the full value of the property not returned."

We find no reversible error in this record.

Affirmed.

HALLEY, V.C.J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.