436 P.2d 32 (1967)
Edward E. BROOK, Plaintiff in Error,
v.
JAMES A. CULLIMORE & CO., a co-partnership composed of James A. Cullimore and Kelvyn H. Cullimore, Defendants in Error.
No. 41583.
Supreme Court of Oklahoma.
December 26, 1967.
J.B. Beaird, Oklahoma City, for plaintiff in error.
Dean Williamson, W. Samuel Dykeman, Oklahoma City, for defendants in error.
*33 McINERNEY, Justice.
The question dispositive of this appeal is whether in a replevin action the defeated litigant in possession of property whose recovery is sought may 1) elect to retain that property as his own, against the will of the successful party; 2) impose his election by requiring the trial court to render an alternative money judgment against him; and 3) avoid delivery of the property by tendering its value as set forth in the affidavit for replevin.
Cullimore sued Brook in replevin claiming a special interest in multiple items of personal property by virtue of a chattel mortgage securing a note in the sum of $8,147.26 and sought possession of the personalty. As disclosed by the petition and the affidavit for replevin, the aggregate value of this property was $2,500.00. Cullimore sought judgment "for the immediate possession of said property, or in lieu thereof the value of the same in the sum of * * * $2,500.00 in the event delivery cannot be had in substantially the same condition as at the time of the filing of this action, and for the costs of this suit, including an attorney's fee of * * * $1,160.44 * * *". Brook gave a redelivery bond. He later offered to confess judgment for the alleged value of the property and a "reasonable" attorney's fee. Concurrently with this offer Brook attempted to satisfy the judgment he so sought to confess. He remitted all the accrued court costs and, by separate checks paid into the clerk's office, he deposited $2,500.00  the alleged value of the property  as well as $1,160.44  the amount of the attorney's fee Cullimore sought to recover. The latter sum was "tendered under protest" pending trial court's determination of a reasonable fee to be taxed as costs. Refusing to accept this offer of confession, Cullimore moved for a hearing "to determine whether said property is available" for delivery and "if found to be available that judgment be rendered * * * [for Cullimore] for immediate possession of said property" and that "the court determine a reasonable attorney fee."
At the hearing on Cullimore's motion Brook renewed his prior offer to confess *34 a money judgment. He took the position the property whose possession was demanded could not be delivered "in substantially the same condition as at the time of filing of this action." Cullimore once again declined to assent to this confession. The issues to be tried were confined to determining whether the property can be delivered by Brook "in substantially the same condition" as at the time the action was commenced and to ascertaining the amount of counsel fee. The trial court adjudged, inter alia, that Brook deliver to Cullimore the property whose recovery was sought. Brook was authorized to withdraw the deposits made to the clerk's office. No alternative money judgment was rendered against Brook. He urges on appeal that the cause should be remanded with directions "to take evidence of the value of the property sought by replevin, and [to] enter a money judgment" for its value.
At common law, the right to possession of the property at the time action was commenced formed the sole issue in replevin. If the property could not be returned, there was no method by which the prevailing party could recover a judgment for the value thereof. For procurement of a money judgment in lieu of possession the successful litigant was relegated to the remedy of trover. Our statute, 12 O.S. 1961 § 1580, has provided a cumulative or supplemental remedy in favor of one who succeeds in a replevin action. By the terms of this enactment, if the losing party has retained possession of the property under a redelivery bond, the successful litigant is entitled to a judgment not only for his costs and for the recovery of possession, but also, if he so choses, to an alternative money judgment for the value of the property. In the event possession cannot be given for any reason, the prevailing party may then proceed to enforce his money judgment. An alternative money judgment affords a new remedy given by the provisions of our Code of Civil Procedure. One on whom a new remedy is conferred may elect which course to pursue. He need not avail himself of the new remedy unless he so chooses, and if he does not, he is not barred from pursuing the old. The primary object of statutory replevin is the recovery of specific personal property and not of money. These views were expressed, before our statehood, by the Kansas Supreme Court in construing statutory provisions identical to those which our legislature later adopted from that state and enacted into law in Oklahoma. See Gen.St.Kan. 1889, par. 4268.
A statute taken from another state which, at the time of its enactment, had been construed by the highest court of that state, is presumed to have been adopted as so construed. In re Fletcher's Estate, Okl., 308 P.2d 304. We have accordingly followed the cited pronouncements of the Kansas court. Humphrey v. Baker, 71 Okl. 272, 176 P. 896, 897, 898.
If a return of the property sought by replevin is possible, it must be returned. Leeper, Graves & Co. v. First Nat. Bank of Hobart, 26 Okl. 707, 110 P. 655, 29 L.R.A., N.S., 747. The defeated litigant is not granted an option to either relinquish possession or pay the value of the property. This rule applies with equal force when, as here, the successful plaintiff prays judgment for possession of the property or for its value as set forth in the affidavit. The alternative prayer is not to be treated as an election to accept money damages in lieu of the return of the property. It does not confer upon the defeated defendant a power to pay the value of the property and retain it as his own. The alternative remedy of a money judgment in replevin is extended solely for the benefit of the wronged party and affords a measure of relief only when the property cannot be returned. It may be waived by him either expressly or by failure to adduce proof tending to show the value of the property. An alternative money judgment is not deemed indispensable to the validity of an adjudication in replevin. In fact, it is error to render a money judgment where there is no evidence showing the value of the property. Humphrey v. Baker, supra; Ladd v. Stratton, 122 Kan. 274, 252 P. 234; Mitchell v. *35 Dadas, 167 Okl. 390, 30 P.2d 179; Morley et al. v. Bowline et al., 172 Okl. 173, 43 P.2d 129; see also Tipton v. Standard Installment Finance Company, Okl., 418 P.2d 309, 313.
Here, the law did not afford Brook an option to pay the value of the property and retain it as his own, against Cullimore's will. Cullimore did not elect to accept a money judgment in lieu of the property sought to be recovered. He adduced no proof as to its value. Even if there had been evidence as to the value of the property, Brook could not complain of the trial court's failure to render an alternative money judgment. Such omission would have constituted error prejudicial to Cullimore and not to Brook. The unsuccessful litigant in replevin has no right to the cumulative remedy of an alternative money judgment since, we reiterate, that remedy avails to the wronged party only. Ward v. Richards, 28 Okl. 629, 115 P. 791, 792; Davis v. Gray, 39 Okl. 386, 134 P. 1100, 1101; First Nat. Bank of Barnard v. Venard et al., 109 Kan. 15, 197 P. 877, 878; see Anno. 170 A.L.R. 122.
The defeated party in a replevin action, and his sureties on redelivery bond, are under an affirmative duty to take active measures to return all the property, whose recovery is adjudged, in as good condition as at the time action was commenced and free from material depreciation in its value. If the property has become deteriorated and worthless, the successful party is not required to accept it but may seek his remedy on the redelivery bond. Yellow Mfg. Acceptance Corporation v. Finnell, 167 Okl. 653, 31 P.2d 884. But if property having a substantial value is available for delivery, the successful party should be required to accept it in partial satisfaction of his judgment. In such event the sureties are liable only for the difference in the value of the property when taken under the writ and the value at the time of its return. Lierly v. Motor Mortgage Co., 174 Okl. 153, 50 P.2d 156, 157, 158; Jarecki Mfg. Co. v. Fleming, 130 Okl. 95, 265 P. 628, 57 A.L.R. 802; 170 Okl. 70, 38 P.2d 925.
Brook, against whom judgment for possession was rendered, did not have the power to retain the property and pay its value as stated in the affidavit for replevin. The property shown to be available for delivery was of substantial value. It was far from being worthless or materially deteriorated. Cullimore was willing to accept it. As prevailing party, he had a right to insist on its return. For an exhaustive discussion of prevailing party's right to insist on a return see Kunz v. Nelson, 94 Utah 185, 76 P.2d 577, 582, 115 A.L.R. 1322 citing Oklahoma cases. There was hence no error in the trial court's judgment.
Affirmed.
All the Justices concur.